**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Lee Galloway, | No. CV-20-02075-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Janice Lee Galloway's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 22, "Pl.'s Br."), Defendant SSA Commissioner's Response Brief (Doc. 28, "Def.'s Br."), and Plaintiff's Reply Brief (Doc. 31, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 14, R.) and now reverses the Administrative Law Judge's decision (R. at 25-43) as upheld by the Appeals Council (R. at 1–5) with a remand for further proceedings.

## I.     BACKGROUND

Plaintiff filed her application for Disability Insurance Benefits on August 22, 2017, for a period of disability beginning on August 5, 2016. (R. at 28.) The SSA initially denied Plaintiff's claim on November 28, 2017, and denied it again upon reconsideration on April 27, 2018. (R. at 28.) On January 15, 2020, Plaintiff testified at a video hearing before

Administrative Law Judge ("ALJ") Robert A. Kelly (R. at 37), who subsequently issued a decision denying Plaintiff's claim on February 3, 2020. (R. at 25.) The Appeals Council then denied Plaintiff's Request for Review of the ALJ's decision on August 27, 2020. (R. at 1.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ determined that Plaintiff had the severe impairments of fibromyalgia, mild osteoarthritis of the right hip, bilateral carpal tunnel syndrome (status-post right carpal tunnel release), degenerative disc disease of the cervical and lumbar spine (with spondylosis and radiculopathy), and obesity. (R. at 30.) The ALJ also determined that Plaintiff had the following non-severe impairments: obstructive sleep apnea, anxiety, depression, and bipolar disorder. (R. at 31.)

After reviewing the medical evidence and testimony, the ALJ concluded that Plaintiff is not disabled. Specifically, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 32.) The ALJ also determined Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (R. at 32.) The ALJ found that Plaintiff "may require a five-minute sit/stand option every one hour while continuing to work." (R. at 32.) The ALJ concluded that Plaintiff could not perform her past relevant work as an aviation mechanic but is nonetheless capable of making a "successful adjustment to other work that exists in significant numbers in the national economy." (R. at 36-37.)

The issues presented to this Court for review are: (1) whether the ALJ erred in rejecting Plaintiff's pain and symptom testimony; and (2) whether the ALJ erred in finding Plaintiff's bipolar disorder, depression, and anxiety were not severe impairments.

II.    **LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

1    **III.    ANALYSIS**

2        **A.    The ALJ Erred in His Consideration of Plaintiff's Symptom Testimony**

3        Plaintiff argues that the ALJ erred in his consideration of Plaintiff's symptom

4    testimony (Pl.'s Br. at 14-23), and the Court agrees. At the hearing, Plaintiff testified to

5    various functional limitations due to her physical and mental impairments. (R. at 23-24.)

6    Plaintiff testified regarding her limited abilities to sit, stand, and walk for extended periods

7    of time. (Pl.'s Br. at 22.) She also testified that she had to lay down multiple times

8    throughout the day, and experienced depression that prevented her from getting out of bed

9    two to three times a week. (Pl.'s Br. at 22, citing R. at 51-53, 54, 59, 65.)

10        An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

11   pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ

12   evaluates whether the claimant has presented objective medical evidence of an impairment

13   "which could reasonably be expected to produce the pain or symptoms alleged."

14   *Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d

15   341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant

16   presents such evidence, then "the ALJ can reject the claimant's testimony about the severity

17   of her symptoms only by offering specific, clear and convincing reasons for doing so."

18   *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

19        "In evaluating the credibility of pain testimony after a claimant produces objective

20   medical evidence of an underlying impairment, an ALJ may not reject a claimant's

21   subjective complaints based solely on a lack of medical evidence to fully corroborate the

22   alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the

23   ALJ may properly consider that the medical record lacks evidence to support certain

24   symptom testimony. *Id.* at 681. Additionally, if the ALJ rejects a Plaintiff's symptom

25   testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony

26   for other additional reasons is harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533

27   F.3d 1155, 1162 (9th Cir. 2008).

28

The ALJ found that Plaintiff's testimony satisfied the first step, but at the second step her "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 33.) Specifically, the ALJ rejected Plaintiff's symptom testimony because (1) during medical exams Plaintiff often presented with "mostly normal findings," and (2) Plaintiff received "conservative" treatment, and no more aggressive treatments were recommended. (R. at 34.)

Here, the ALJ erred by not specifying the portions of Plaintiff's testimony that were inconsistent with the medical evidence. The ALJ merely summarized Plaintiff's testimony on her symptoms and then summarized the medical evidence without making any express connection to Plaintiff's testimony. (R. at 33, 34.) This is both insufficient and contrary to the Ninth Circuit's instructions. *See Smolen*, 80 F.3d at 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Garrison*, 759 F.3d at 1014; s*ee also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (ALJ erred where it "did not elaborate on which daily activities conflicted with which part of claimant's testimony."). Simply stating that the medical findings were "mostly normal" without connecting them to specific testimony is not a clear and convincing reason to discount Plaintiff's symptom testimony.

The ALJ proffered some medical evidence, but it is unclear what testimony the ALJ found contrary to the medical evidence.[1] Notably, a significant portion of the ALJ's summary of the medical evidence supports Plaintiff's testimony. (*See* R. at 34.) Defendant correctly argues that it is the ALJ's province to weigh such contradictory evidence and determine whether it supports Plaintiff's testimony. (Def.'s Br. at 20-21.) But after weighing the evidence, the ALJ must specify the testimony that he rejects. *See Nelson v. Commr. of Soc. Sec. Admin.*, No. CV-19-08027-PCT-JZB, 2020 WL 1510332, at *3 (D. Ariz. Mar. 30, 2020) ("Indeed, this Court has repeatedly rejected ALJ rationale that discussed medical evidence but provided no connection between that discussion and

---

[1] The ALJ provided only sparse references to the 5,140 page administrative record in his decision.

rejection of claimants' symptom testimony.") Because the ALJ failed to take this critical step, the Court is left with little analysis to evaluate. Thus, the Court must remand this matter for further administrative proceedings.

### B.    The ALJ Did Not Err in Finding that Plaintiff's Mental Impairments are Nonsevere

An ALJ can find that an impairment or combination of impairments is nonsevere only if it has "no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Only one severe impairment is required for a claimant to survive the step-two severe impairment analysis. *Id*. The ALJ must consider all of a claimant's medically determinable impairments when calculating her RFC, regardless of whether they are severe. *Id*.; 20 C.F.R. § 404.1523. Consequently, an ALJ's errant failure to treat an impairment as severe is typically harmless if the claimant survives step-two and the ALJ considers all the claimant's medically severe impairments, severe or otherwise. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). An ALJ's step-two determination will be upheld when substantial evidence supports her finding that a claimant's impairment is nonsevere. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

There are unique considerations when a claimant alleges that a mental impairment is severe. The ALJ rates a claimant's degree of functional limitation in four broad functional areas to determine whether her mental impairments are severe. 20 C.F.R. § 404.1520a(c). The functional areas are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ rates the level of impairment on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(3). If the ALJ finds that the degree of limitation is only mild in each functional area, then she will generally find that the claimant's mental impairment is nonsevere. 20 C.F.R. § 404.1520a(d)(1).

Here, there is substantial evidence to support the ALJ's finding that Plaintiff's mental impairments are nonsevere. Even if the ALJ had erred at step-two, the error would

be harmless because the ALJ considered Plaintiff's mental impairments when calculating Plaintiff's RFC.

Plaintiff's primary argument concerns the ALJ's analysis of the evidence related to Plaintiff's mental impairments. (Pl.'s Br. at 23–26.) Plaintiff argues that there is objective evidence in the record that she experienced increased panic, anger outbursts, and isolative behavior despite her ongoing treatment. (Pl.'s Br. at 24, citing R. at 4048.) Further, Plaintiff underwent testing that revealed "serious concerns of mood dysregulation," and indicated symptoms of somatic complaints, head pain, being socially introverted, anxiety, and anger. (R. at 4048.)

Plaintiff is correct that the record evidences some cognitive impairment, but her arguments miss the mark. This is because the ALJ found only that Plaintiff's mental impairments are nonsevere, not that they are nonexistent. (R. at 31.) Thus, Plaintiff's argument is not that the ALJ did not consider her mental impairments, but that the ALJ did not correctly weigh their disabling effect. However, the ALJ's consideration of Plaintiff's mental impairments is supported by substantial evidence. Accordingly, the Court defers to the ALJ's determination. *See Thomas*, 278 F.3d at 954.

The ALJ found that Plaintiff has only a mild limitation in each of the four functional areas. (R. at 31.) The ALJ relied on records from mental status examinations of Plaintiff in reaching this conclusion. (R. at 31.) Particularly, The ALJ presented evidence that Plaintiff generally presented as alert and oriented, she maintained eye contact, she was reported as having a pleasant and cooperative behavior, normal mood and affect, normal attention span, normal psychomotor activity, normal speech, and logical, linear, and goal-directed thought processes. (R. at 31, citing 3775, 3796-3965, 3993, 3999, 4004-05, 4038-39, 4279-80.) Plaintiff also denied suicidal or homicidal ideations and reported no hallucinations. (R. at 4974, 4977.) Finally, the ALJ noted that the medical record does not include any evidence of emergency room visits or inpatient admissions for the exacerbation of mental health symptoms. (R. at 31.) These findings and Plaintiff's activities of daily living, including her ability to prepare simple meals, drive, shop in stores, and serve in her

1  local HOA, support the ALJ's finding that Plaintiff's mental impairments are nonsevere.

2  (R. at 31.)

3       Finally, even if the ALJ had erred by not finding that Plaintiff's mental impairments

4  are severe, such error would be harmless. The ALJ specifically noted that he considered

5  "all of the claimant's medically determinable impairments, including those not severe," in

6  determining Plaintiff's RFC. (R. at 31.) Therefore, regardless of whether Plaintiff's mental

7  impairments were properly considered nonsevere, they were incorporated into her RFC.

8  Accordingly, there is no reversible error in the ALJ's step-two analysis.

9       **C.    The Credit-as-True Rule Does Not Apply**

10      Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in

11  remand of Plaintiff's case for payment of benefits rather than for further proceedings.

12  (Pl.'s Br. at 26.) The credit-as-true rule only applies in cases that raise "rare circumstances"

13  which permit the Court to depart from the ordinary remand rule under which the case is

14  remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec.*

15  *Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when

16  three elements are present. First, the ALJ must have failed to provide legally sufficient

17  reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully

18  developed, there must be no outstanding issues that must be resolved before a

19  determination of disability can be made, and the Court must find that further administrative

20  proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful

21  when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above

22  elements are met, the Court may "find[] the relevant testimony credible as a matter of law

23  . . . and then determine whether the record, taken as a whole, leaves 'not the slightest

24  uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

25      In this case, the ordinary remand rule, not the credit-as-true rule applies. There is

26  sufficient evidence in the record to create evidentiary conflicts regarding Plaintiff's

27  disability that cause uncertainty as to the outcome of the proceeding.

28

Accordingly, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FUTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 9th day of May, 2022.

Honorable John J. Tuchi
United States District Judge